# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWIN L. SCOBY, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Case No. CIV-18-721-D |
| JOE ALLBAUGH, et. al., | ) ) ) |
| *Defendants.* | ) |

## ORDER

This matter is before the Court for review of the Supplemental Report and Recommendation [Doc. No. 45] issued on July 9, 2019, by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff Edwin Scoby, a state prisoner appearing *pro se* and in *forma pauperis*, initiated this action pursuant to 42 U.S.C § 1983 and the Americans with Disabilities Act ("ADA") claiming that he was not supplied with medically necessary hearing aids despite his repeated requests. Defendants Joe Allbaugh and Raymond C. Smith moved for dismissal arguing, *inter alia*, that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

The Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies and recommended Defendants' Motions be granted. The Magistrate Judge additionally recommended that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), Plaintiff's claims against the remaining defendants[1] be dismissed for the same reason.

---

[1] The remaining defendants, Erin Orlebeke and Jason Rankin, have not been served.

Plaintiff timely filed an Objection [Doc. No. 46] to the Supplemental Report and Recommendation.[2] Therefore, this Court conducts a *de novo* review and considers the records, pleadings and applicable law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

### I. Standard of Review[3]

A motion to dismiss is appropriate when the plaintiff has "failed to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing plausibility, a court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Although a *pro se* litigant's pleadings are broadly construed under this standard, he still carries "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Additionally, in resolving a motion to dismiss, the court may

---

[2] Defendants did not file a response to Plaintiff's Objection.
[3] Defendant Allbaugh's Motion seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) while Defendant Smith's Motion is styled as a Motion to Dismiss or in the alternative, a Motion for Summary Judgment. The Magistrate Judge appears to have utilized the standard applicable to a Rule 12(b)(6) motion to dismiss in assessing Defendants' failure to exhaust argument. Although failure to exhaust is an affirmative defense, it may be raised in a Rule 12(b)(6) motion to dismiss when the grounds for this defense appear on the face of the complaint. *Burnett v. Oklahoma Dep't of Corr.*, 737 F. App'x 368, 371 (10th Cir. 2018). Here, Plaintiff's Second Amended Complaint [Doc. No. 13] refers to documents that are central to his claims and which establish that he has failed to exhaust his administrative remedies.

consider "(1) documents incorporated by reference in the complaint; (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity;' and (3) 'matters of which a court may take judicial notice.'" *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotations and citation omitted).

## II. The PLRA and Exhaustion of Administrative Remedies.

The PLRA requires a prisoner to exhaust his administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a). Prisoner actions brought under any federal law, including the ADA, must meet the PLRA's exhaustion requirement. *Id.*; *Jones v. Smith*, 109 F. App'x 304, 307 (10th Cir. 2004) (unpublished). The exhaustion requirement is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 918, 166 L. Ed. 2d 798 (2007). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).

In his objection, Plaintiff challenges the Magistrate Judge's conclusion that he did not exhaust his administrative remedies. *See* Objection at 1-2. He also challenges the Magistrate Judge's conclusion that prison officials did not prevent him from completing the grievance process. *Id.*

## III. Plaintiff Failed to Exhaust Administrative Remedies.

The Oklahoma Department of Corrections Inmate/Offender Grievance Process, OP-090124, governs Plaintiff's exhaustion of administrative remedies. The Grievance Process

involves four steps.[4] First, the inmate must attempt to resolve the matter informally by speaking to an appropriate staff member. *See* Grievance Process at 7-8 [Doc. No. 26-2]. If the matter is not resolved informally, the inmate must submit a written Request to Staff. *Id.* If the matter is still not resolved, the inmate must submit a formal Grievance Report Form. *Id.* at 8-9. Importantly, the Grievance Process provides that all medical grievances are to be submitted to the facility correctional health services administrator for resolution. *Id.* at 9. The fourth and final step of the Grievance Process requires the inmate to appeal a grievance denial to the Administrative Review Authority or Medical Review Authority. *Id.* at 13-16.

Here, Plaintiff concedes he did not properly utilize the Grievance Process. In his Second Amended Complaint and his Responses to Defendants' Motions to Dismiss, Plaintiff refers to a grievance form that he submitted to the "Manager of O.D.O.C Medical Services." Second Amended Complaint at 2; *see also* Response to Defendant Allbaugh's Motion at 2 [Doc. No. 40]; Response to Defendant Smith's Motion at 2 [Doc. No. 43]. The Grievance Form, and the corresponding response from ODOC, reflect that the form was in fact sent to the medical services manager for ODOC. *See* Grievance Form and Grievance Response [Doc. No. 46-1].[5] However, pursuant to the Grievance Process, Plaintiff was

---

[4] The Court may consider the text of the ODOC Grievance Policy because Plaintiff's Second Amended Complaint references the ODOC's policies, it is central to his contention that he exhausted his administrative remedies, and he does not dispute the authenticity of the copy of the policy filed with ODOC's Special Report [Doc. No. 26]. *Burnett*, 737 F. App'x at 372.

[5] In making references to Plaintiff's grievance submissions, the Court cites the documents attached to Plaintiff's Objection to the Supplemental Report and Recommendation. The Court acknowledges, however, that the Special Report includes these same documents.

required to submit his formal grievance to the facility's correctional health services administrator, not the medical services manager.

An inmate must properly complete all required steps of the Grievance Process in order to exhaust his administrative remedies. *Fields*, 511 F.3d at 1112; *see also Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 2386, 165 L. Ed. 2d 368 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules…."). Because Plaintiff did not submit his Grievance Form to the correct entity, he failed to properly complete the Grievance Process and has not exhausted his administrative remedies.

Accordingly, Plaintiff's objection to the Supplemental R&R, asserting that he exhausted his administrative remedies, is overruled.

**IV. Prison Officials Did Not Prevent Plaintiff from Completing the Grievance Process.**

Next, Plaintiff objects to the Magistrate Judge's conclusion that prison officials did not prevent him from completing the Grievance Process. Specifically, Plaintiff argues that administrative remedies were rendered unavailable to him because he was misled by a nurse at the facility who told him that the denial of his prior requests was final and "filing any grievances would do no good." *See* Response to Defendant Smith's Motion at 2; Response to Defendant Allbaugh's Motion at 2; *see also* Objection at 2.

An administrative remedy is not "available" under the PLRA if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir.2010). There are a variety of

circumstances in which administrative remedies may be deemed unavailable, including when prison officials "mis[lead] or threaten[] individual inmates so as to prevent their use of otherwise proper procedures." *Ross v. Blake*, 136 S. Ct. 1850, 1860, 195 L. Ed. 2d 117 (2016).

Plaintiff argues that the nurse's statement was a misrepresentation that hindered his ability to complete the Grievance Process. To be sure, courts have found grievance procedures to be unavailable where an inmate relied on a prison official's erroneous statement as to the rules of the grievance process. *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). In *Davis*, the Fifth Circuit found that administrative remedies were unavailable where the jail staff incorrectly told the inmate that the grievance process included no option to appeal and he, relying on that misrepresentation, did not file an appeal. *Id.* at 295-296. However, the Fifth Circuit also noted that, despite a prison official's misrepresentation, there likely would be no basis to deem an administrative remedy unavailable where the inmate actually knew of the proper grievance procedures. *Id.* at 296, n. 2.

Here, no prison official misled Plaintiff such that he was prevented from completing the ODOC's Grievance Process. Unlike in *Davis*, the nurse's statement did not erroneously inform Plaintiff that further avenues of review did not exist or inaccurately describe the steps of the grievance process. Further, even assuming the nurse's statement was misleading, Plaintiff actually knew there were additional steps in the grievance process that had to be undertaken because ODOC advised him that he needed to submit his grievance to the facility's correctional health services administrator. *See* Grievance Form and

Response [Doc. No. 46-1]. Because Plaintiff was advised of the proper method for submitting a grievance, there is no basis to find that statements by jail staff prevented him from completing the Grievance Process or that administrative remedies were unavailable to him. *See Thomas v. Parker,* 609 F.3d 1114, 1118 (10th Cir.2010) (holding that Plaintiff failed to exhaust administrative remedies where he was "notified of deficiencies at the formal grievance stage," but "chose not to avail himself of the opportunity to cure them.").

In any event, the PLRA's statutory exhaustion requirement does not contain an exception for futility. *Booth v. Churner*, 532 U.S. 731, 741, n. 6, 121 S. Ct. 1819, 1825, 149 L. Ed. 2d 958 (2001) ("…we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirements."). Thus, even if the nurse's statements led Plaintiff to genuinely believe that filing a grievance "would do no good," he was still required to complete the Grievance Process prior to bringing suit.

"When administrative procedures are clearly laid out, as in this case, an inmate must comply with them in order to exhaust his remedies." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). Plaintiff did not properly complete the Grievance Process, and he is therefore "barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Accordingly, Plaintiff's objection to the Supplemental R&R, asserting that he was prevented from completing the Grievance Process, is overruled.

## CONCLUSION

The Court, having conducted a *de novo* review, finds that Defendants' objections to the Supplemental Report and Recommendation should be overruled. The Court concurs with Magistrate Judge Purcell's findings and recommendations. Accordingly, the Court:

(1) adopts the Supplemental Report and Recommendation [Doc. No. 45];

(2) grants the Motions to Dismiss filed by Defendant Allbaugh and Defendant Smith [Doc. Nos. 28, 35]; and

(3) finds that the claims against Defendants Orlebeke and Rankin should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

**IT IS THEREFORE ORDERED** that the Supplemental Report and Recommendation is ADOPTED and Plaintiff's action is dismissed without prejudice to refiling.[6] A separate judgment of dismissal will be entered herewith.

**IT IS SO ORDERED** this 3rd day of February 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[6] Although not addressed by the Magistrate Judge, the Court finds the dismissal should be without prejudice. *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1139 (10th Cir.2005) ("[A] dismissal based on lack of exhaustion should ordinarily be without prejudice") (citation omitted).